UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nick Kozak Photography LLC, <br><br> Plaintiff, <br><br> v. <br><br> Red Seat Ventures, LLC d/b/a The Megyn Kelly Show, <br><br> Defendant. | Case No: <br><br> JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff Nick Kozak Photography LLC ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Red Seat Ventures, LLC d/b/a The Megyn Kelly Show ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Nick Kozak ("*Kozak*") is a Toronto-based freelance photojournalist and documentary photographer whose work focuses on issues of community and identity. His work centers on community, identity, and the fluid relationship between the two, often exploring the lives of marginalized or displaced groups and those forging new social spaces and has been supported by arts councils in Toronto, Ontario, and Canada and has been exhibited internationally in countries including the UK, China, Poland, and the United States. His editorial clients include major publications like the *Toronto Star*, *Maclean's Magazine*, *BBC Travel*, and *The Washington Post*

3. Kozak created a set of photographs of a transgender Canadian teacher (hereinafter all of the set images set above are collectively referred to as the "*Photograph*s) which Plaintiff

owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is a New York-based company founded in 2015 that partners with influential talent and brands to build and grow personality-driven media businesses. The company provides a full suite of services, including funding, production, monetization, and back-office support, for digital properties in audio, video, and live events, with a strong focus on podcasts in news, opinion, true crime, and sports.

5. As a key part of its business, Defendant owns and operates a social media account on YouTube known as "Megyn Kelly" (the "*Account*").

6. Upon information and belief, the Account has 3.76M subscribers.

7. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photographs on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff is a Canada limited liability company and maintains a principal place of business in Canada.

9. Upon information and belief, Defendant is a Delaware limited liability company with a principal place of business at 129 West 29th Street, Room 600N, New York in New York County, New York.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.  **Plaintiff's Copyright Ownership**

13.  Plaintiff is a professional photography company by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14.  Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15.  Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16.  Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17.  On February 17, 2023, Plaintiff first published Photograph 1. A copy of Photograph 1 is attached hereto as Exhibit 1.

18.  On February 19, 2023, Kozak first published Photographs 2-3. Copies of Photographs 2-3 are attached hereto as Exhibit 1.

19.  In creating the Photographs, Kozak personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20.  Plaintiff published Photographs by commercially licensing them to the New York Post, Toronto Sun and Fox for the purpose of display and public distribution.

21.  On April 26, 2023, the Photographs were registered by the USCO under Registration No. VA 2-349-317.

22.  Plaintiff acquired the rights in and to the Photographs from Kozak by way of written assignment.

B.  **Defendant's Infringing Activity**

23.  Defendant is the registered owner of the Account and is responsible for its content.

24.  Defendant is the operator of the Account and is responsible for its content.

25. The Account is a key component of Defendant's popular and lucrative commercial enterprise.

26. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

27. Upon information and belief, as a content creator, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

28. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

29. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

31. On or about February 22, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Photographs on the Account as part of an on-line post at URL: https://www.youtube.com/watch?v=D2lmUqZiTbA. *("Infringement 1")*. A copy of a screengrab depicting Infringements 1-3 is attached hereto as Exhibit 2.

32. Each infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

33. The Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs. (hereinafter all of the unauthorized uses set forth above are collectively referred to as the *"Infringements")*.

34. The Infringements includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

35. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photographs.

36. Upon information and belief, the Photographs were willfully and volitionally posted to the Account by Defendant.

37. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

38. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

39. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

40. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

41. Upon information and belief, Defendant monitors the content on its Account.

42. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

43. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenue.

44. Upon information and belief, a large number of people have viewed the unlawful

copies of the Photographs on the Account.

45. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

46. Defendant's use of the Photographs harmed the actual market for the Photographs.

47. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

48. On June 30, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

49. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

50. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

51. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

52. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

53. The Photographs is an original, creative work in which Plaintiff owns a valid copyright.

54. The Photographs is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

55. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

56. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

57. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

58. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

60. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**
*(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

62. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

63. The Photographs as originally published in URLs:

https://nypost.com/2023/02/17/kayla-lemieux-ditches-her-z-size-breasts-outside-the-classroom/ https://nypost.com/2023/02/19/canadian-teacher-with-size-z-breasts-kayla-lemieux-claims-they-are-real/ contained a gutter credit attributing Plaintiff as the author of the work. Such a credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as <u>Exhibit 3</u>.

64. Defendant distributed the Infringements without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photographs.

65. Upon information and belief, Defendant's distribution of containing the Photographs was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

66. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photographs would induce, enable, facilitate or conceal its infringements.

67. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photographs.

68. Defendant's conduct violates 17 U.S.C. § 1202(b).

69. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

70. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

71. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. §

1203(b)(4) and (5) from Defendant.

## JURY DEMAND

72.　　Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a.　　finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

b.　　for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.　　finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.　　for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e.　　for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

f.　　for pre-judgment interest as permitted by law; and

g.　　for any other relief the Court deems just and proper.

DATED: September 10, 2025

                                           **SANDERS LAW GROUP**

                                           By:   */s/ Craig Sanders*
                                           Craig Sanders, Esq.
                                           333 Earle Ovington Blvd, Suite 402
                                           Uniondale, NY 11553
                                           Tel: (516) 203-7600
                                           Email: csanders@sanderslaw.group
                                           File No.: 128181

                                           *Attorneys for Plaintiff*